# IN THE SUPREME COURT OF TENNESSEE
## AT JACKSON
October 2, 2008 Session Heard at Nashville[1]

## CHERYL BROWN GIGGERS ET AL. v. MEMPHIS HOUSING AUTHORITY ET AL.

**Appeal by Permission from the Court of Appeals**
**Circuit Court for Shelby County**
**No. CT-000896-03     Kay S. Robilio, Judge**

---

**No. W2006-00304-SC-R11-CV - Filed February 3, 2009**

---

JANICE M. HOLDER, C.J., concurring and dissenting.

I fully concur in the majority's conclusion that Memphis Housing Authority ("MHA") owed a duty to its tenants to take reasonable steps to prevent them from suffering harm, and I concur in the reversal of the trial court's grant of summary judgment. I write separately to reaffirm my view that "any discussion of foreseeability in the context of duty encroaches upon the role of the finder of fact." Satterfield v. Breeding Insulation Co., 266 S.W.3d 347, 375 (Tenn. 2008) (Holder, J., concurring and dissenting).

As I stated in my dissent in Satterfield, I favor the Restatement (Third) of Torts approach to duty and would hold that "'[a]n actor ordinarily has a duty to exercise reasonable care when the actor's conduct creates a risk of physical harm.'" Id. at 377 (quoting Restatement (Third) of Torts: Liability for Physical Harm § 7(a) (Proposed Final Draft No. 1, 2005)) [hereinafter Restatement (Third) of Torts]. In this case, MHA had a duty to exercise reasonable care in permitting tenants with a history of criminal behavior to live on the premises. Whether it was foreseeable to MHA that Mr. Miller would harm other tenants is relevant only to a determination of whether MHA breached its duty of reasonable care and proximately caused the death of Charles Brown, Sr. See id. Those issues should remain in the province of the jury and should not be determined by the trial court as a matter of law.

Any determination that no duty exists should be guided by the Restatement (Third) of Torts, which states that "[i]n exceptional cases, when an articulated countervailing principle or policy warrants denying or limiting liability in a particular class of cases, a court may decide that the defendant has no duty or that the ordinary duty of reasonable care requires modification."

---

[1] Oral argument was heard at the Davidson County Drug Court IV in Nashville, Tennessee, as a part of this Court's **S**upreme **C**ourt **A**dvancing **L**egal **E**ducation for **S**tudents (S.C.A.L.E.S.) project.

Restatement (Third) of Torts § 7(b); <u>see</u> <u>also</u> W. Jonathan Cardi, <u>Purging Foreseeability: The New Vision of Duty and Judicial Power in the Proposed Restatement (Third) of Torts</u>, 58 Vand. L. Rev. 739, 787-90 (2005).

Under this framework, a no-duty rule is appropriate when we can "promulgate relatively clear, categorical, bright-line rules of law applicable to a general class of cases." <u>Id.</u> cmt. a. The commentary to Restatement (Third) of Torts goes on to provide that these no-duty rules "should be articulated directly without obscuring references to foreseeability." <u>Id.</u> cmt. j. While I am amenable to engaging in an analysis to determine if a bright-line rule should be recognized, I cannot concur in a balancing test that obscures these policy determinations.

JANICE M. HOLDER, CHIEF JUSTICE